## HARDEN *v.* THE STATE.

GILBERT, Justice. 1. The statement in the charge of the court, that "There is no contention anywhere that the deceased made any assault whatever upon the defendant at the particular time in question," was supported by the record, and was not an expression of what had been proved or not proved, and did not constitute reversible error. Indeed, in the immediately preceding sentence the court affirmatively disavowed any intention to express an opinion.

2. The statement in the charge of the court, "But there is a contention of evidence for your consideration that the deceased slapped or struck the brother of the defendant here," was not an expression of what had been proved or not proved and did not constitute reversible error. While the court erroneously stated that the contention was that the deceased, instead of his brother, as shown by the record, slapped or struck the defendant's brother, its only possible effect was helpful rather than harmful to the defendant.

3. Aside from no written request to charge on the law of conspiracy, there

was nothing in the record to call for such a charge, and the court did not err in failing to so charge.

4. The admitted testimony of the deceased's brother that none of his brothers had a pistol, objected to as opinion evidence, was not harmful to the defendant, it not being contended by the defendant that any weapon was used or sought to be used upon him or his brother.

5. None of the other special grounds of the motion for a new trial are dealt with, as the court expressly disapproved the same.

6. The evidence fully justified the verdict.

7. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 10625.   FEBRUARY 12, 1935.

*J. Paxson Amis,* for plaintiff in error.

*M. J. Yeomans, attorney-general, M. L. Gross, solicitor-general, D. M. Parker* and *E. J. Clower, assistant attorneys-general,* contra.